UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RACHEL L. SIMMERMAN, | |
| Petitioner, | |
| v. | Civil No. 15-cv-806-JPG |
| UNITED STATES OF AMERICA, | Criminal No 14-cr-40008-06-JPG |
| Respondent. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Rachel L. Simmerman's motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255 (Doc. 1).   The Court also considers her motion for the status of this case (Doc. 2).

**I.   Background**

On August 29, 2014, the petitioner pled guilty to one count of conspiracy to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846.   The Court sentenced the petitioner to serve 57 months in prison.   The petitioner appealed her conviction to the United States Court of Appeals for the Seventh Circuit, which on August 31, 2015, dismissed the appeal as untimely.

In her timely § 2255 motion, the petitioner claims her counsel was constitutionally ineffective in violation of her Sixth Amendment Right to effective assistance of counsel in the following ways:

Ground 1:   Failed to argue for an offense level reduction under the "safety valve" provision of United States Sentencing Guideline Manual ("U.S.S.G.") §§ 2D1.1(c)(17) and 5C1.2(a);

Ground 2:   Failed to advise the defendant of her right to appeal her conviction and sentence;

> Ground 3: Failed to argue for a three-point offense level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1; and
>
> Ground 4: Failed to explain things in the case to the petitioner.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court has determined that it is plain from the motion and the record of the prior proceedings that the petitioner is not entitled to relief on Grounds 2, 3 and 4.

## II.     Analysis

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[r]elief under § 2255 is available 'only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice.'" *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (quoting *Blake v. United States,* 723 F.3d 870, 878-79 (7th Cir. 2013), *cert. denied*, 134 S. Ct. 2830 (2014)), *cert. denied*, 135 S. Ct. 1574 (2015). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).

In all claims in this § 2255 case, the petitioner alleges her Sixth Amendment right to effective assistance of counsel has been violated. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right to assistance of counsel encompasses the right to *effective* assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970); *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009). A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective

standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Groves v. United States*, 755 F.3d 588, 591 (7th Cir. 2014); *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011); *Wyatt v. United States*, 574 F.3d 455, 457 (7th Cir. 2009).

To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt*, 574 F.3d at 458. The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.* "The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). The Court's review of counsel's performance must be "highly deferential[,] . . . indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *accord Groves*, 755 F.3d at 591; *Wyatt*, 574 F.3d at 458. Counsel's performance must be evaluated keeping in mind that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record. *Strickland*, 466 U.S. at 689. The Court cannot become a "Monday morning quarterback." *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990).

To satisfy the second prong of the *Strickland* test, the plaintiff "must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Harrington*, 562 U.S. at 104 (quoting *Strickland*, 466 U.S. at 694); *accord Groves*, 755 F.3d at 591; *Jones*, 635 F.3d at 915; *Fountain*, 211 F.3d at 434; *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006). The plaintiff need not show that counsel's deficient

performance "more likely than not altered the outcome," but that the likelihood of a different result was "substantial, not just conceivable." *Harrington*, 562 U.S. at 111-12.

Ground 2

Simmerman claims her counsel was constitutionally ineffective for failing to advise her that she had the right to appeal her conviction and sentence. Regardless of whether counsel properly advised Simmerman of her appellate rights, she did not suffer prejudice from such a failure because the Court cured any deficiency. After it sentenced Simmerman, it advised her she had a right to appeal her sentence within fourteen days, that a transcript would be prepared at the Government's expense for use in the appeal if she could not afford it, and that if she wished to file a notice of appeal at that moment, the Clerk of Court would file the notice for her. Simmerman does not allege she ever requested the Court, the Clerk or her counsel to file a notice of appeal. Simmerman cannot come back now and claim that she did not understand what the Court clearly and simply told her – she had a right to appeal and that she needed to exercise that right within fourteen days after entry of judgment. She has not alleged any prejudice from counsel's performance and is therefore not entitled to § 2255 relief on this basis.

Ground 3

Simmerman claims her counsel was constitutionally ineffective for failing to argue for a three-point reduction in her offense level for acceptance of responsibility under U.S.S.G. § 3E1.1. This argument has no merit whatsoever. Counsel did not "make the argument" because it did not need making. The presentence investigation report recommended a three-level reduction (PSR ¶¶ 25, 26, 36 & 37, Doc. 261), and counsel acknowledged this in her sentencing memorandum (Doc. 257 at 3). The Court adopted the PSR and gave Simmerman the three-point reduction when it calculated her offense level. Counsel was not constitutionally ineffective for failing to make

4

any further argument in favor of a position the Court was poised to – and did in fact – adopt, and Simmerman's sentence was not substantially likely to have changed had counsel done anything differently.  Simmerman is therefore not entitled to § 2255 relief on this basis.

Ground 4

Counsel states, "My Attorney didn't take time to explain things in my case or such consequences.  She didn't serve in my best interest."  § 2255 Pet. ¶ 13.  This statement is entirely too vague to warrant § 2255 relief.  As noted above, it is the petitioner's burden to direct the Court to specific acts or omissions of her counsel that amount to deficient performance.  *Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009).  Other than the alleged failure to advise Simmerman of her right to appeal, which the Court has addressed above, Simmerman has failed to carry her burden of pointing to specific instances of deficient performance by her counsel.  Relief under § 2255 is not warranted on this basis.

**III.     Conclusion**

For the foregoing reasons, the Court rejects Grounds 2, 3 and 4 as a basis for § 2255 relief.  The Court **ORDERS** the Government to file a response to Ground 1 of the petitioner's § 2255 motion within **THIRTY DAYS** of the date this order is entered.  The Government shall, as part of its response, attach all relevant portions of the record in the underlying criminal case.  The Petitioner shall have **FOURTEEN DAYS** to reply to the Government's response.  Simmerman's motion for the status of this case (Doc. 2) is **MOOT** in light of this order.

**IT IS SO ORDERED.**
**DATED:   September 8, 2015**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
