UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RACHEL L. SIMMERMAN, | |
|     Petitioner, | |
|         v. | Civil No. 15-cv-806-JPG |
| UNITED STATES OF AMERICA, | Criminal No 14-cr-40008-06-JPG |
|     Respondent. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Rachel L. Simmerman's motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). The Government has responded to the motion (Doc. 6).

**I.	Background**

On August 29, 2014, the petitioner pled guilty to one count of conspiracy to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846. The Court sentenced the petitioner to serve 57 months in prison. The petitioner appealed her conviction to the United States Court of Appeals for the Seventh Circuit, which on August 31, 2015, dismissed the appeal as untimely.

In her timely § 2255 motion, the petitioner claims her counsel was constitutionally ineffective in violation of her Sixth Amendment Right to effective assistance of counsel in the following ways:

    Ground 1:	Failed to argue for an offense level reduction under the "safety valve" provision of United States Sentencing Guideline Manual ("U.S.S.G.") §§ 2D1.1(c)(17) and 5C1.2(a);

    Ground 2:	Failed to advise the defendant of her right to appeal her conviction and sentence;

      Ground 3:      Failed to argue for a three-point offense level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1; and

      Ground 4:      Failed to explain things in the case to the petitioner.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court determined that it is plain from the motion and the record of the prior proceedings that the petitioner is not entitled to relief on Grounds 2, 3 and 4. The Court directed the Government to respond to Ground 1, which it has done. The Court now considers the merits of Simmerman's argument in Ground 1.

## II.  Analysis

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[r]elief under § 2255 is available 'only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice.'" *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (quoting *Blake v. United States,* 723 F.3d 870, 878-79 (7th Cir. 2013), *cert. denied*, 134 S. Ct. 2830 (2014)), *cert. denied*, 135 S. Ct. 1574 (2015). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).

In Ground 1, the petitioner alleges her Sixth Amendment right to effective assistance of counsel has been violated. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right to assistance of counsel encompasses the right to *effective* assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970); *Watson v. Anglin*, 560 F.3d

687, 690 (7th Cir. 2009).   A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Groves v. United States*, 755 F.3d 588, 591 (7th Cir. 2014); *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011); *Wyatt v. United States*, 574 F.3d 455, 457 (7th Cir. 2009).

To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel.  *Wyatt*, 574 F.3d at 458.   The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance.  *Id.*  "The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom."  *Harrington v. Richter*, 562 U.S. 86, 105 (2011).   The Court's review of counsel's performance must be "highly deferential[,] . . . indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Strickland*, 466 U.S. at 689; *accord Groves*, 755 F.3d at 591; *Wyatt*, 574 F.3d at 458. Counsel's performance must be evaluated keeping in mind that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record. *Strickland*, 466 U.S. at 689.   The Court cannot become a "Monday morning quarterback." *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990).

To satisfy the second prong of the *Strickland* test, the plaintiff "must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.   A reasonable probability is a probability sufficient to undermine confidence in the outcome.'"  *Harrington*, 562 U.S. at 104 (quoting *Strickland*, 466 U.S. at 694);

*accord Groves*, 755 F.3d at 591; *Jones*, 635 F.3d at 915; *Fountain*, 211 F.3d at 434; *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006).   The plaintiff need not show that counsel's deficient performance "more likely than not altered the outcome," but that the likelihood of a different result was "substantial, not just conceivable."   *Harrington*, 562 U.S. at 111-12.

Simmerman claims her counsel was constitutionally ineffective for failing to argue for an offense level reduction under the "safety valve" sentencing guidelines provision.   See U.S.S.G. §§ 2D1.1(c)(17) & 5C1.2(a).   In response, the Government argues that Simmerman was not eligible for the safety valve.   Consequently, her counsel was not deficient for failing to ask the Court for such a reduction, and Simmerman suffered no prejudice from counsel's failure.

The safety valve refers to provisions in the United States Code and the United States Sentencing Guidelines Manual (U.S.S.G.) that allow the Court to sentence a defendant in a controlled substance case according to the sentencing range called for by the guidelines without regard to a statutory mandatory minimum sentence.   See 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2. Under the guidelines, the safety valve also generally entitles an eligible defendant to a two-point offense level reduction.   See § 2D1.1(c)(17).   There was no statutory mandatory minimum for Simmerman's offense, but application of the safety valve would have reduced her offense level by two points.

A defendant is eligible for the safety valve only if, among other things:

> not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2(a)(5).

In this case, it appears Simmerman met all the requirements for the safety valve except the cooperation described above. The evidence shows that when defense counsel learned Simmerman might be eligible for the safety valve, she inquired of the Government whether it would apply. The Government told counsel that, during Simmerman's two proffer interviews, she had not provided Government agents with all the relevant information and evidence she had, so the safety valve would not apply. Defense counsel then reviewed Simmerman's file, determined that Simmerman did not qualify for the safety valve and declined to argue to the Court that it should apply.

Simmerman has not pointed to any evidence or argument that counsel could have presented to the Court to show that the safety valve should have applied, which she is required to do to establish counsel was deficient for failing to present evidence or argument. *Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005). Counsel's performance in this regard was not deficient because it is not ineffective assistance of counsel to make a meritless argument. *Id.* Furthermore, Simmerman has failed to demonstrate that there is a reasonable probability that, had counsel asked for a safety valve reduction, the result of the proceedings would have been different, that is, that she would have received a two-point offense level reduction. For this reason, the Court rejects Ground 1 as a basis for § 2255 relief.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Simmerman's § 2255 motion (Doc. 1) and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  February 24, 2016**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**